**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10289 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00734-SPL-1 |
| v. | |
| TERRILL SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 13, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Terrill Smith appeals his conviction under 18 U.S.C. § 2421 for attempting to transport an individual to engage in prostitution. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

U.S.C. § 1291 and affirm.

1.      The evidence presented at trial was adequate to allow a rational trier of fact to convict Smith on each element of the crime. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).  Smith took a substantial step toward the commission of the offense by driving several hours across state lines to meet with his would-be victim ("Vanessa"), with the explicit goal of bringing her to Las Vegas to work with him. *See United States v. Soto-Barraza*, 947 F.3d 1111, 1121 (9th Cir. 2020) (explaining that to determine if a defendant has taken a substantial step in cases against individual victims "courts have focused on whether defendants had begun traveling to the location where the victim was expected to be found").  A reasonable jury also could find that Smith intended for Vanessa to engage in unlawful sexual conduct, based on Smith's assurances to Vanessa that she could choose which sexual acts she would perform and Smith's explanation of the legal consequences if she were "caught."

2.      Smith did not object to the jury instructions at trial, and we thus review for plain error. *United States v. Houston*, 648 F.3d 806, 818 (9th Cir. 2011).  The district court's instruction on attempt was not plain error.  The instructions required the jury to find that Smith intended to transport an individual across state lines and did so with the intent that the individual engage in unlawful sexual conduct.  Even assuming that it was error for the instruction to omit a requirement that Smith's

2

substantial step towards those ends be "unequivocal" and "strongly corroborative" of intent, in this case the error would not be plain because the instructions given, "in the context of the overall charge," were not "misleading or inadequate to guide the jury's deliberation." *Id.* (quotations omitted). Moreover, given the extensive evidence of guilt, any error in the instruction did not prejudice Smith. *United States v. Frega*, 179 F.3d 793, 807 n.16 (9th Cir. 1999).

3.      The district court did not abuse its discretion by admitting evidence of Smith's online conversations about prostitution with "Bunny Jordan." *See United States v. Chea*, 231 F.3d 531, 534–35 (9th Cir. 2000) (stating standard of review). These conversations were properly admitted under Federal Rule of Evidence 404(b)(2) as probative of Smith's intent concerning Vanessa. *See id.* Because the conversations bore on Smith's intent, the district court likewise did not abuse its discretion by concluding that their probative value was not "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see United States v. Verduzco*, 373 F.3d 1022, 1029–30 (9th Cir. 2004) (stating standard of review).

4.      The district court did not plainly err by failing to exclude as impermissible hearsay Smith's conversations with Bunny Jordan and a Facebook message from a friend warning that Vanessa might be an undercover officer. The district court could conclude that the evidence was offered not for the truth of the

3

matter asserted, but to show Smith's knowledge and intent. *United States v. Sayetsitty*, 107 F.3d 1405, 1414–15 (9th Cir. 1997).

5. The district court also did not plainly err in admitting expert testimony regarding the common behaviors and terminology of pimps. *See United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001) ("By and large, the relationship between prostitutes and pimps is not the subject of common knowledge."). Given Detective Decoufle's background and experience, Smith's assertion that Detective Decoufle's expertise was limited to prostitution in Arizona is unpersuasive.

Because there was no error, there was likewise no cumulative error. *United States v. Audette*, 923 F.3d 1227, 1241 (9th Cir. 2019). And to the extent that there were any errors, their cumulative effect did not deny Smith a fair trial. *Id.*

**AFFIRMED.**